**Antwain James HINES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–0304–CR–191.

Court of Appeals of Indiana.

Aug. 27, 2003.

P. Stephen Miller, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Antwain James Hines ("Hines") appeals his convictions for Robbery as a Class B felony[1] and Unlawful Possession of a Firearm by a Serious Violent Felon as a Class B felony.[2] We reverse and remand.

### Issue

Hines raises one issue on appeal, which we restate as whether the trial court abused its discretion by denying his request for a bifurcated trial because the

---

1. Ind.Code § 35–42–5–1.

2. Ind.Code § 35–47–4–5.

prejudice arising from evidence necessary to sustain a conviction of Unlawful Possession of a Firearm by a Serious Violent Felon, i.e., prior felony conviction evidence, substantially outweighed its probative value for the felony robbery charge.

### Facts and Procedural History

On January 28, 2002, Renauld Harris ("Harris") brought $1,300.00 in cash to school with him. Harris took out the money, which was kept in his pocket and bound by a rubber band, and counted it in front of other students. After school that day, as Harris walked to his grandmother's house, Hines approached Harris ("Harris"), pulled out and cocked a .380 handgun, and said: "Give me all your money." Transcript at 151. Harris gave Hines some change out of his right pocket, but Hines demanded all of Harris's money. Harris then gave Hines the $1,300.00.

The State charged Hines with Robbery, a Class B felony, and Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony. On the morning of trial, Hines filed a Motion for Dismissal or in the Alternative for Bifurcated Trial, seeking to have the State try each offense separately. Out of the presence of the jury, the following colloquy between Hines and the trial court occurred:

> [Defense:] ... I'm aware of the fact that recent case law is against us. Um, at the same time I still believe it's ... it's a valid position.... And the other thing, judge, we would be willing if the jury comes back with a conviction for the Armed Robbery, to concede that [Hines] is, in fact, a serious violent felon with possession of a handgun. That does two things. Number one, it enables the State to proceed the way they (sic) want to proceed. It shows their good faith and not using this simply as a way to prejudice the jury. And, in addition, it reserves all of our rights of appeal because, uh, if the Robbery is found to be a conviction and yet it goes down in appeal, so to (sic) will the serious violent felon....
>
> ....
>
> [Trial Court:] ... Uh, I will, based upon the cases cited, uh, *Spearman* and *Person* [*v. State*, 764 N.E.2d 743 (Ind.Ct.App.2002) ], uh, deny [Hines's,] uh, Motion For Dismissal Or Motion For, uh, Bifurcation. In spite of the Defense's, uh, offer of stipulation, um, I ... I think ... I think, it still is noted, I'd like ... as I skim these cases again to refresh myself, somewhere in here I noted, uh, their reference to the fact that ... that attempted to do this ... attempting to force the State to go in a bifurcated fashion to present the possession of a handgun, uh, and then later, establish the prior offenses, um, I think the, uh, opinions referenced [were] that, uh, it would be, uh, excessively difficult, uh, or certainly impractical, uh, to attempt to ... to force the State to do so and still have the State's case make sense to a jury of lay people.

*Id.* at 4–5, 12–13. Thus, the trial court denied Hines's motion for a bifurcated trial. The jury found Hines guilty as charged. The trial court entered a judgment of conviction on both counts and sentenced Hines to fifteen years for the Robbery conviction and ten years for the Unlawful Possession of a Firearm by a Serious Violent Felon conviction, to be served consecutive to each other and to a sentence imposed on a conviction in another criminal case. Hines now appeals.

### Discussion and Decision

#### I. *Standard of Review*

We review the issue of whether a proceeding should be bifurcated when a

defendant is charged with a felony offense and Unlawful Possession of a Firearm by a Serious Violent Felon for an abuse of discretion. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Hyppolite v. State,* 774 N.E.2d 584, 592 (Ind.Ct.App.2002), *trans. denied.*

## II. Analysis

 Hines argues that the trial court abused its discretion by denying his motion for a bifurcated trial because the prejudicial nature of the prior conviction evidence, which was necessary to sustain a conviction for the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, substantially outweighed any probative value of such evidence upon the underlying robbery conviction. The State counters that bifurcation is not necessary in prosecutions for the offense of Unlawful Possession of a Firearm by a Serious Violent Felon.

To support its position, the State relies upon *Spearman v. State,* 744 N.E.2d 545, 547 (Ind.Ct.App.2001). There, the defendant, who was tried solely for the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, moved for bifurcated proceedings because he did not want the jury to hear of his prior felony conviction before they determined whether he was in possession of a firearm. *Id.* at 546. The trial court denied the defendant's motion for bifurcation and, subsequently, the jury found him guilty as charged. *Id.*

On appeal, we first observed that the defendant's "bifurcation argument rests, in part, on our court's approval of bifurcation when a defendant is charged as an habitual offender and in cases where prior convictions serve to elevate a present crime or enhance the penalty for a present conviction." *Id.* at 547. We noted that, in those

cases, evidence of prior convictions is generally inadmissible because such evidence "has no tendency to establish the guilt or innocence of the accused" during the phase to determine whether the defendant is guilty of the underlying felony. *Id.* (quoting *Shelton v. State,* 602 N.E.2d 1017, 1019 (Ind.1992) (discussing bifurcated proceedings in the habitual offender context)) (internal quotations omitted). Rather, we recognized that the only effect of such evidence during the determination of guilt or innocence is to "prejudice or mislead or excite the minds and inflame the passions of the jury." *Spearman,* 744 N.E.2d at 547.

However, under the circumstances presented in *Spearman,* we held that the rationale for inadmissibility of prior convictions, in the bifurcation context, breaks down when the evidence of the prior conviction not only has the "tendency" to establish guilt or innocence but also is essential to such determination. *Id.* In the context where a defendant is tried solely for the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, we explained that:

> [T]he status of the offender is an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status. This is a very different situation from one in which the act itself is illegal without regard to the status of the offender, from one where the level of the illegal act is elevated based upon the offender's status, and from one where the punishment for the illegal act is enhanced based upon the offender's status. In each of these other instances, it is possible to bifurcate the trial because the jury can reasonably perform its function of determining whether the defendant committed an illegal act without hearing evidence of the defendant's legal status

or prior crimes. Here, such bifurcation is not possible because the jury cannot determine if the defendant committed an illegal act without hearing such evidence.

*Id.* at 548. Thus, in *Spearman,* we held that the trial court properly denied the defendant's request for a bifurcated proceeding. *Id.*

The present case is distinguishable from the circumstances presented in *Spearman.* Here, we are confronted with an issue of first impression—whether the trial court abuses its discretion by not bifurcating a proceeding where the defendant is tried for an independent felony, i.e., robbery, and Unlawful Possession of a Firearm by a Serious Violent Felon. In our case, the State charged Hines with Robbery as a Class B felony *and* with Possession of a Firearm by a Serious Violent Felon as a Class B felony. To prove that Hines committed Robbery, as charged, the State was required to prove that: (1) Hines; (2) while armed with a firearm; (3) knowingly or intentionally; (4) took money from Harris; (5) by using or threatening the use of force; (6) or by putting Harris in fear. Hines's status as a serious violent felon is not an essential element of the Robbery offense. Indeed, such status is not even probative of whether Hines committed Robbery while armed with a deadly weapon. Thus, unlike the situation presented in *Spearman,* where bifurcation was impractical, if not impossible, because the defendant was tried solely for the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, in the present case, it would have been feasible for the trial court to bifurcate the Robbery charge and the Unlawful Possession of a Firearm by a Serious Violent Felon charge.

Indeed, in the absence of such bifurcation, the unfair prejudice resulting from the prior-conviction evidence, which is necessary to establish the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, substantially outweighs its probative value with respect to the robbery charge. *See, e.g., Spearman,* 744 N.E.2d at 549 (explaining that, in determining whether to bifurcate a proceeding, "the focus should be on whether the prejudice arising from evidence of prior crimes outweighs the probative value of such evidence"); *see also* Ind. Evidence Rule 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). In this regard, the issue presented is more akin to the habitual offender status and enhancement cases, than to our analysis in *Spearman.*

In the habitual offender context, for example, the bifurcation requirement found in case law and, now, the habitual offender statute, i.e., Indiana Code Section 35–50–2–8, was adopted to ensure that in habitual offender cases the consideration of a defendant's prior convictions is removed from the jury's guilt or innocence determination on the underlying felony charge. *Shelton,* 602 N.E.2d at 1019. The rationale behind the bifurcation requirement is that any state interest apparent in having the prior conviction evidence heard in the same phase as evidence of the underlying felony charge is outweighed by the injustice or prejudice to a defendant from a jury determining his guilt or innocence with knowledge of his prior conviction. *Id.* As a consequence, by separating the consideration of prior convictions from the jury's initial guilt or innocence determination, the defendant is provided a fair and impartial jury to determine his guilt or innocence on the underlying felony charge. *Id.*

In *Sweet v. State,* 439 N.E.2d 1144, 1147 (Ind.1982), our supreme court extended the habitual offender bifurcation require-

ment to a situation in which a prior drug conviction was used to obtain enhancement of a drug conviction. There, the statute in question, Indiana Code Section 35–48–4–10(iii), provided for the elevation of a drug charge from a Class A misdemeanor to a Class D felony when the person charged had been previously convicted of an offense involving marijuana or hashish. *Id.* at 1146. Recognizing the similarity between the charge-elevation provision and the habitual offender statute, the *Sweet* court applied the bifurcation requirement to charges alleging that a person has been previously convicted of an offense involving marijuana or hashish. *Id.* In so doing, the *Sweet* court explained that, "a bifurcated trial is required as it is the best procedure to insure that the jury remains uninformed about a defendant's prior convictions until the appropriate time." *Id.* at 1147

Likewise, in the present case where Hines was tried for robbery as a Class B felony and Unlawful Possession of a Firearm by a Serious Violent Felon, a bifurcated proceeding would have been the best and most feasible procedure to employ to ensure that Hines received a fair trial and an impartial jury. By denying Hines's motion for a bifurcated trial, the trial court subjected Hines to unfair prejudice that substantially outweighed any probative value of the prior conviction evidence. As such, the trial court abused its discretion by denying Hines's motion for bifurcation.

Moreover, we observe that, here, Hines offered to stipulate that he was a serious violent felon in possession of a handgun if the jury returned a guilty verdict on the offense of robbery. Such a stipulation would have further eliminated the need for the trial court to admit the prejudicial prior-conviction evidence. In that vein, however, the State contends that because it was not required to accept Hines's pro-posed stipulation, the stipulation did not affect the trial court's consideration of the admissibility of the prior-conviction evidence.

While it is generally true that the State is entitled to prove its case by evidence of its own choice, and that a criminal defendant may not stipulate his or her way out of the full evidentiary force of the case to be presented against him or her, the United States Supreme Court has determined that this general rule has virtually no applicability where the point at issue is a defendant's legal status that is independent of criminal behavior later charged against him or her. *See Old Chief v. United States*, 519 U.S. 172, 186–187, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In *Old Chief,* the defendant was charged with violating a federal statute, which prohibited the possession of a firearm by anyone with a prior felony conviction. *Id.* At trial, the defendant offered to stipulate to the prior-conviction element of the offense. *Id.* at 183, 117 S.Ct. 644. Because of this proposed stipulation, the defendant argued that his offer to stipulate rendered evidence of the name and nature of his prior offense inadmissible and that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. *Id.* The trial court admitted the evidence of the prior conviction, and the defendant was convicted of the charged offense. On appeal, the United States Supreme Court observed that:

> Given [the] peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the

prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Id.* at 191, 117 S.Ct. 644. The *Old Chief* court limited its holding to cases involving status offenses. *Id.*

In *Sams v. State,* 688 N.E.2d 1323, 1326 (Ind.Ct.App.1997), we extended the *Old Chief* holding. In *Sams,* the defendant was charged with operating a motor vehicle after his driving privileges were forfeited for life and operating a vehicle while intoxicated. *Id.* at 1323. To avoid having his entire driving record introduced, which consisted of many serious offenses including reckless driving and operating a vehicle while intoxicated, the defendant offered to stipulate to the fact that his license had been suspended for life. *Id.* at 1324–1325. The defendant argued that the entire driving record would be highly prejudicial and, given his offer to stipulate, would have little or no probative value and its admission into evidence would violate Indiana Evidence Rule 403. *Id.* at 1325. The State, however, refused to accept the stipulation, and the trial court permitted the State to establish its case by introducing evidence of the defendant's entire driving record. *Id.* Thus, we held that the trial court abused its discretion by admitting into evidence the defendant's entire motor vehicle driving record instead of allowing the defendant to admit that his license was suspended for life. *Id.* at 1326. In light of *Old Chief* and *Sams,* the prosecutor should have accepted Hines's proposed stipulation

or, alternatively, the trial court should have bifurcated the trial.

### Conclusion

The trial court abused its discretion by denying Hines's motion for a bifurcated trial because the prejudice associated with the prior-conviction evidence, which was necessary to prove the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, substantially outweighed its probative value on the robbery charge. As such, in the absence of a bifurcated proceeding, Hines did not receive a fair and impartial trial. Accordingly, we reverse and remand for new proceedings consistent with this opinion.

Reversed and remanded.

BROOK, C.J., and NAJAM, J., concur.