**Antwain James HINES, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 02S04–0401–CR–30.

Supreme Court of Indiana.

Jan. 21, 2004.

Rehearing Denied May 6, 2004.

P. Stephen Miller Fort Wayne, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Antwain James Hines was convicted in a single trial of (1) Rob-

bery[1] and (2) Unlawful Possession of a Firearm by a Serious Violent Felon.[2] The Court of Appeals reversed the convictions on grounds that defendant's pre-trial request for a bifurcated trial should have been granted. We agree with the Court of Appeals that the prejudice arising from evidence necessary to sustain the unlawful possession conviction—evidence of a prior felony conviction—substantially outweighed its probative value for the robbery charge. *Hines v. State*, 794 N.E.2d 469, 474 (Ind.Ct.App.2003).

There are two aspects of the opinion of the Court of Appeals worthy of particular mention.

In *Spearman v. State*, the Court of Appeals had held that a defendant who was tried solely for the crime of Unlawful Possession of a Firearm by a Serious Violent Felon was not entitled to have the proceedings bifurcated in such a way that the jury would not hear of his prior felony conviction before it determined whether he was in possession of a firearm. 744 N.E.2d 545, 547 (Ind.Ct.App.2001), *transfer denied*, 761 N.E.2d 413 (Ind.2001). This was because the evidence of the prior conviction is an essential element of the crime. *Id.* at 548.

In this case, the Court of Appeals correctly distinguished *Spearman*:

> [Defendant]'s status as a serious violent felon is not an essential element of the Robbery offense. Indeed, such status is not even probative of whether [Defendant] committed Robbery while armed with a deadly weapon. Thus, unlike the situation presented in *Spearman*, where bifurcation was impractical, if not impossible, because the defendant was tried solely for the offense of Unlawful Possession of a Firearm by a

> Serious Violent Felon, in the present case, it would have been feasible for the trial court to bifurcate the Robbery charge and the Unlawful Possession of a Firearm by a Serious Violent Felon charge.

*Hines*, 794 N.E.2d at 472.

■ Second, Defendant offered to stipulate that he was a serious violent felon in possession of a handgun if the jury found him guilty of robbery. As such, acceptance of the stipulation would have eliminated the need for the prior conviction evidence during trial on the robbery count. Here, the State's argument is that it was not required to accept Defendant's proposed stipulation.

The Court of Appeals correctly analyzed the issue as follows:

> While it is generally true that the State is entitled to prove its case by evidence of its own choice, and that a criminal defendant may not stipulate his or her way out of the full evidentiary force of the case to be presented against him or her, the United States Supreme Court has determined that this general rule has virtually no applicability where the point at issue is a defendant's legal status that is independent of criminal behavior later charged against him or her. *See Old Chief v. United States*, 519 U.S. 172, 186–187 [117 S.Ct. 644, 136 L.Ed.2d 574] (1997).

*Hines*, 794 N.E.2d at 473. The principles of *Old Chief* were incorporated into Indiana law in *Sams v. State*, 688 N.E.2d 1323, 1326 (Ind.Ct.App.1997), *transfer denied*, 698 N.E.2d 1184 (Ind.1998). We agree with the Court of Appeals that, in light of *Old Chief* and *Sams*, the prosecutor should have either accepted Defen-

---

**1.** Ind.Code § 35–42–5–1.

**2.** Ind.Code § 35–47–4–5.

dant's proposed stipulation or the trial court should have bifurcated the trial.

Pursuant to Indiana Appellate Rule 58(A)(1), we grant transfer, reverse Defendant's convictions, and adopt and incorporate by reference the opinion of the Court of Appeals, *Hines,* 794 N.E.2d 469.

SHEPARD, C.J., and DICKSON, BOEHM and RUCKER, JJ., concur.