John DUGAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0604–CR–302.

Court of Appeals of Indiana.

Feb. 9, 2007.

---

Marshelle D. Broadwell, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

1. Ind.Code § 35–47–4–5 (2004) (subsequently amended by Pub.L. No. 151–2006, § 21 (2006)).

2. Ind.Code § 35–42–2–2 (2004).

## OPINION

SHARPNACK, Judge.

John Dugan appeals his conviction for unlawful possession of a firearm by a serious violent felon ("SVF") as a class B felony.[1] Dugan raises one issue, which we revise and restate as whether the trial court abused its discretion by denying Dugan's motion to bifurcate where the only charge was unlawful possession of a firearm by a SVF. We affirm.

The relevant facts follow. On July 13, 2005, the State charged Dugan with unlawful possession of a firearm by a SVF as a class B felony, criminal recklessness as a class D felony,[2] pointing a firearm as a class D felony,[3] carrying a handgun without a license as a class A misdemeanor,[4] and assisting a criminal as a class D felony.[5] Dugan had been convicted in 1994 of battery as a class C felony. The State used the prior felony conviction to support the charge of unlawful possession of a firearm by a SVF. The State also used the prior felony conviction for battery to enhance the carrying a handgun without a license charge from a class A misdemeanor to a class C felony. Further, the State alleged Dugan was an habitual offender.

Dugan filed a motion to bifurcate the trial of the charges. At the hearing on the motion, held the morning of the trial day, the State moved to dismiss all counts except the charge of unlawful possession of a firearm by an SVF and the allegation of Dugan being an habitual offender. Dugan did not object to the motion to dismiss, but persisted with the motion to bifurcate as to

3. Ind.Code § 35–47–4–3 (2004).

4. Ind.Code § 35–47–2–1 (2004).

5. Ind.Code § 35–44–3–2 (2004).

the remaining charge so as to prevent the prejudice that would attach to his being labeled as an SVF. Dugan conceded that the law did not require the State to bifurcate the charge because the SVF status was an essential element of the crime of unlawful possession of a firearm by a SVF. Citing Ind. Rules of Evidence 403 and 404, Dugan's basis for the motion was that his being "labeled as a serious violent felon throughout his trial ... create[s] great prejudice to Mr. Dugan, and it does interfere with his right to having a fair trial and due process under both the Indiana and United States Constitutions." Transcript at 6.

The State opposed Dugan's motion to bifurcate, and the trial court denied the motion. In denying Dugan's motion, the trial court stated:

> I understand that the Court of Appeals is—they're telling us that we—they—they urge us to use this procedure, but my concern is I'm changing the information. When the State files a charge against somebody I—I can't change the information. And there's no statute in the—Indiana that allows me to tell the State to create an information for possession of a handgun. I understand that the—the issue is we don't want to cause any prejudice to [Dugan] by referring to him as a serious violent felon in trying to do that. So, at this point, I'm gonna deny [Dugan's] request for bifurcation. But in order to assure that there's not prejudice[,] and I have always done this, [the State] cannot continuously use the phrase "serious violent felon." And there's not, in my opinion, a need to get into a lot of that information in voir dire.

*Id.* at 17–18.

Dugan and the State eventually made a stipulation, which was read to the jury after opening statements, that stated, in part, "The parties hereby stipulate that John Dugan is a serious violent felon insomuch as he has been previously convicted of Battery, a Class C Felony ... on September 27th, 1994." *Id.* at 64. During the State's opening statement, it used the phrase "serious violent felon" two times and Dugan used it once. *Id.* at 57–61. During its closing arguments, the State used the phrase four times. The trial court used "serious violent felon" multiple times in its preliminary and final instructions. Dugan did not object to the final instructions or tender any final instructions.

The jury found Dugan guilty of unlawful possession of a firearm by a SVF, for which the trial court ordered him to serve fifteen years in the Indiana Department of Correction. Dugan waived his jury trial for the habitual offender enhancement count and pleaded guilty in exchange for receiving a ten-year sentence enhancement. Thus, Dugan received an aggregate twenty-five year sentence.

The sole issue is whether the trial court abused its discretion by denying Dugan's motion to bifurcate where the only charge was unlawful possession of a firearm by a SVF. Generally, a motion to bifurcate is reviewed for an abuse of discretion. *Hines v. State,* 794 N.E.2d 469, 471 (Ind.Ct.App.2003), *adopted* and *incorporated* by *reference* by *Hines v. State,* 801 N.E.2d 634 (Ind.2004), *reh'g denied.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Hines,* 794 N.E.2d at 471 (citing *Hyppolite v. State,* 774 N.E.2d 584, 592 (Ind.Ct.App.2002), *trans. denied*).

On appeal, Dugan argues that the trial court abused its discretion and violated his due process rights by denying his request to bifurcate. Specifically, Dugan argues that allowing the State to refer to him as a

SVF from the outset of the trial "prevent[ed] a fair trial even if [possession of a firearm by a SVF] [was] the only charge." Appellant's Brief at 10. The State argues that using the language that defines the crime with which Dugan was charged did not require bifurcation or deny Dugan due process and that the trial court did not abuse its discretion. We agree.

■ The crime of unlawful possession of a firearm by a SVF is defined by Indiana Code § 35–47–4–5 (2004), which provides in relevant part:

(a) As used in this section, "serious violent felon" means a person who has been convicted of:

(1) committing a serious violent felony in:

(A) Indiana; or

(B) Any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony; or

\* \* \* \* \* \*

(b) As used in this section, "serious violent felony" means:

\* \* \* \* \* \*

(4) battery as a:

(A) Class A felony;

(B) Class B felony; or

(C) Class C felony;

\* \* \* \* \* \*

(c) A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony.

Ind.Code § 35–47–4–5 (2004) (subsequently amended by Pub.L. No. 151–2006, § 21

(2006)). In order to prove unlawful possession of a firearm by a SVF, the State must prove that Dugan knowingly or intentionally possessed a firearm while, at the same time, having a qualifying prior felony conviction as enumerated under Ind.Code § 35–47–4–5. See, e.g., *Ray v. State*, 846 N.E.2d 1064, 1067 (Ind.Ct.App. 2006), *trans. denied.*

The bifurcation issue in dealing with the offense of unlawful possession of a firearm by a SVF has been considered several times by Indiana courts. The seminal case, *Spearman v. State*, held that the defendant's due process rights were not violated when the trial court did not conduct bifurcated proceedings. 744 N.E.2d 545, 546 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* There, Spearman was arrested on a gun charge, and, because he had a prior felony conviction, the State charged him with the sole charge of unlawful possession of a firearm by a SVF. *Id.* Spearman moved for bifurcated proceedings "so the jury would not be told of his [prior felony] conviction before it determined whether he was in possession of a firearm." *Id.* The trial court denied the motion. *Id.* Spearman stipulated to the prior felony conviction at trial, and a jury convicted Spearman of possession of a firearm by a SVF. *Id.*

On appeal, this court noted that "evidence of prior convictions is generally inadmissible because such evidence has no tendency to establish the guilt or innocence of the accused during the phase to determine whether the defendant is guilty of the underlying felony." *Id.* at 547. However, "the rationale for inadmissibility of prior convictions breaks down when the evidence of the prior conviction not only has the 'tendency' to establish guilt or innocence but also is essential to such determination." *Id.* (internal citations omitted).

The legal status of one who has been convicted of a serious violent felony and who knowingly or intentionally possesses a firearm is "an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status." *Id.* at 548. The court noted:

[T]his is a very different situation from one in which the act itself is illegal without regard to the status of the offender, from one where the level of the illegal act is elevated based upon the offender's status, and from one where the punishment for the illegal act is enhanced based upon the offender's status. In each of these instances, it is possible to bifurcate the trial because the jury can reasonably perform its function of determining whether the defendant committed an illegal act without hearing evidence of the defendant's legal status or prior crimes. Here, such bifurcation is not possible because the jury cannot determine if [Spearman] committed an illegal act without hearing such evidence.

*Id.*

We held that bifurcation was "not practical, or even possible" where a defendant is charged only as an SVF who knowingly or intentionally possessed a firearm. *Id.* "The court could not tell the jury that [Spearman] is charged with possessing a firearm because that in and of itself is insufficient to constitute a crime. In the absence of the serious violent felony conviction there is no *unlawful* possession component." *Id.*

Though prejudice may arise due to the admission of the prior conviction under Ind.Code § 35–47–4–5, "the focus cannot be placed solely on the question of the prejudicial effect of such evidence." *Id.* at 549. "Rather, the focus should be on whether the prejudice arising from evidence of prior crimes outweighs the probative value of such evidence." *Id.* Further,

any prejudicial effect can be mitigated "by excluding evidence regarding the underlying facts of the prior felony and limiting prosecutorial references thereto." *Id.* at 550.

We encountered a different situation in *Hines v. State*, 794 N.E.2d 469 (Ind.Ct. App.2003). There, Hines was charged with robbery *and* unlawful possession of a firearm by a SVF. 794 N.E.2d at 470–72. Hines's status as a SVF was not an essential element of the robbery charge. *Id.* "Indeed, such status is not even probative of whether Hines committed robbery while armed with a deadly weapon." *Id.* Therefore, unlike in *Spearman*, we held that "it would have been feasible for the trial court to bifurcate the Robbery charge and the Unlawful Possession of a Firearm by a Serious Violent Felon charge." *Id.* "In the absence of such bifurcation, the unfair prejudice resulting from the prior-conviction evidence, which is necessary to establish the offense of Unlawful Possession of a Firearm by a Serious Violent Felon, substantially outweighs its probative value with respect to the robbery charge." *Id.* Therefore, we held that the trial court abused its discretion by denying Hines's motion to bifurcate the robbery charge from the SVF charge. *Id.* at 473. However, we did not require the SVF element to be bifurcated from the gun possession element. In *Hines v. State*, 801 N.E.2d 634 (Ind.2004), *reh'g denied*, the Indiana Supreme Court adopted and incorporated by reference the decision of the Court of Appeals.

■ Given that neither *Spearman* nor *Hines* states that a trial court commits error by declining to bifurcate, we cannot say that the trial court erred by declining to do so here. However, where a defendant will stipulate as to his status as a serious violent felon, removal of the need to prove that status should shift the princi-

pal focus to the need to avoid prejudice to the defendant. As the State indicated to us during oral argument, it would be sufficient to say that the defendant was charged with possession of a firearm "in violation of Ind.Code § 35–47–4–5" because, although the defendant's status is an element of the crime, where the defendant's status is not at issue because it has been stipulated to, it is comparable to a defendant's status as an habitual offender. Proceeding in this manner does not prejudice the State because defendant has stipulated to his status as a SVF. Therefore, the State is not required to prove that element. Further, prejudice toward the defendant is avoided because the reference to the defendant as a SVF is not heard throughout the trial.

We recognize and give credit to the trial court's efforts in this case to assure that the law was followed and that Dugan was not prejudiced. The trial court was not required to bifurcate the proceedings, and it declined to do so. However, the trial court ordered that the State limit its use of the "serious violent felon" language, even during voir dire, in order to offset any prejudice to Dugan. *See, e.g., Williams v. State,* 834 N.E.2d 225, 228 (Ind.Ct.App. 2005) (held that trial court "circumvented legitimate concerns regarding fairness by avoiding reference to Williams as a 'serious violent felon'" until his guilt or innocence on underlying offense was determined).

For the foregoing reasons, we affirm Dugan's conviction for illegal possession of a firearm by a serious violent felon.

Affirmed.

BAKER, J., and MATHIAS, J., concur.