

FILED
Aug 30 2017, 9:15 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer G. Schlegelmilch
Deputy Public Defender
Lawrence County Public Defender
Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lincoln R. Pickett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 30, 2017

Court of Appeals Case No.
47A01-1612-CR-2900

Appeal from the Lawrence Superior
Court.
The Honorable Michael A. Robbins,
Judge.
Trial Court Cause Nos.
47D01-1601-F6-105
47D01-1602-MR-129

**Sharpnack, Senior Judge**

# Statement of the Case

Charged under one cause number with a count of Level 6 felony obstruction of justice,[1] one count of Level 6 felony abuse of a corpse,[2] two counts of Class A misdemeanor false informing,[3] and one count of Class A misdemeanor failure to report a dead body,[4] Lincoln Pickett was additionally charged, under a separate cause number, with one count of Level 4 felony unlawful possession of a firearm by a serious violent felon,[5] and one count of murder.[6]

In this interlocutory appeal under both cause numbers, Pickett challenges the trial court's denial of his motion to bifurcate the proceedings to prevent the jury from hearing evidence of his prior conviction–Class C felony escape–potentially qualifying him as a serious violent felon ("SVF") if he was in possession of a firearm.  We reverse and remand.

# Issue

The dispositive issue in this appeal is whether the trial court erred by denying Pickett's motion to bifurcate the proceedings.

---

[1] Ind. Code § 35-44.1-2-2(a)(3) (2014).

[2] Ind. Code § 35-45-11-2(1) (2014).

[3] Ind. Code § 35-44.1-2-3(d)(1) (2014).

[4] Ind. Code § 35-45-19-3 (2008).

[5] Ind. Code § 35-47-4-5 (2014).

[6] Ind. Code § 35-42-1-1(1) (2014).

## Facts and Procedural History

On January 24, 2016, Kathy Riggle reported to the Mitchell Police Department that her daughter, Kamie Ratcliff, also known as Kamie Brashear, was missing. Mitchell Police Officer Matt England received information that Kamie might be staying with Pickett and Jasmine Pickett at their home in Mitchell, Indiana, and followed up on that information. Eventually the State filed charges against Pickett under the two cause numbers which the court later consolidated for trial. Citing both cause numbers, Pickett moved to bifurcate the trial, with Phase I addressing all charges save for the SVF allegation, with Phase II addressing the SVF charge, alleging his prior conviction of escape.

The State opposed Pickett's motion, successfully gaining permission to amend the information to allege that Picket was charged with unlawful possession of a firearm in violation of Indiana Code section 35-47-4-6. The State also proposed an instruction based on Indiana Pattern Jury Instruction (Criminal) 7.2740. The proposed instruction, rather than use the term "possession of firearm by serious violent felon", designates the offense as "possession of firearm in violation of I.C. 35-47-4-5" and indicates that Escape is the prior conviction in question in this case. Citing *Spearman v. State*, 744 N.E.2d 545 (Ind. Ct. App. 2001), the State argued that the amendment to the information and the proposed instruction, deleting any reference to the term "serious violent felon," would sufficiently reduce any prejudice to Pickett's defense that might be caused by the jury hearing about a prior, qualifying conviction. The trial court denied Pickett's motion, and this interlocutory appeal ensued.

# Discussion and Decision

[6] Both parties agree that our review of the trial court's decision on the issue of bifurcation is for an abuse of discretion. *See Hines v. State*, 794 N.E.2d 469, 470-71 (Ind. Ct. App. 2003), adopted by *Hines v. State*, 801 N.E.2d 634 (Ind. 2004). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[7] In addition to the SVF charge, Pickett faces charges of obstruction of justice, abuse of a corpse, false informing, failure to report a dead body, and murder. To examine whether it is an abuse of discretion to allow evidence of Pickett's prior escape conviction–which could establish his SVF status if he were found to have been in possession of a firearm as part of the present offenses–we look to the elements necessary to prove the present offenses. We do so, because while analyzing the issue of bifurcation in the context of habitual offender determinations, we acknowledged that "evidence of prior convictions is generally inadmissible because such evidence 'has no tendency to establish the guilt or innocence of the accused' during the phase to determine whether the defendant is guilty of the underlying felony." *Spearman*, 744 N.E.2d at 547 (citing *Shelton v. State*, 602 N.E.2d 1017, 1019 (Ind. 1992), quoting *Lawrence v. State*, 259 Ind. 306, 310, 286 N.E.2d 830, 832 (1972)).

[8] Here, the underlying charges require the State to establish beyond a reasonable doubt that Pickett committed the offense of obstruction of justice (altering, damaging, or removing any thing with the intent to prevent the thing from

being used as evidence in any official proceeding or investigation); abuse of a corpse (Pickett knowingly mutilated Kamie's corpse); false informing (on two occasions Pickett knowingly gave false information in a criminal investigation hindering the law enforcement process); failure to report a dead body (Pickett knowingly failed to report the body of a deceased person to a public safety officer, coroner or physician, or 911); and, murder (Pickett knowingly killed another human being [Kamie]).

[9] In *Spearman*, though charged with one count of pointing a firearm at another person and an SVF charge based on a previous conviction for criminal confinement, the only charge that proceeded to trial was the SVF count. The trial court denied Spearman's motion to bifurcate proceedings and a jury found Spearman guilty. He appealed, challenging the trial court's denial of his motion to bifurcate.

[10] On review, the following analysis was used:

> [T]he rationale for inadmissibility of prior convictions breaks down when the evidence of the prior conviction not only has the "tendency" to establish guilt or innocence but also is essential to such determination. Our supreme court has stated:
>
> The admission or rejection of evidence is not a matter of judicial grace. It is a legal right. To be admissible, evidence must logically tend to prove a material fact. Accordingly, evidence of prior crimes is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused. . . . Evidence of prior crimes is admissible, however, if it is relevant to some issue in the case, such as intent, motive, knowledge, plan, identity, or credibility. . . . The admissibility of

> prior convictions in such cases is justified only by their relevance to the issues. The undesirable tendency to prejudice remains, but the overriding interests of the State in arriving at the truth prevails.

744 N.E.2d at 547-48 (quoting *Lawrence*, 259 Ind. at 309-10, 286 N.E.2d at 832-33 (citations omitted)).

[11] In *Hines*, a panel of this court determined that it was an abuse of discretion for the trial court to refuse the defendant's motion to bifurcate the proceedings on a robbery charge from a charge that the defendant unlawfully possessed a firearm as a serious violent felon. 794 N.E.2d at 474. Although there was evidence the defendant flashed a gun in the commission of the robbery, evidence of the defendant's prior conviction, the nature of which is not disclosed, qualifying him for the SVF charge, was not necessary to establish the conviction for the underlying robbery offense. Our Supreme Court agreed. *Hines*, 801 N.E.2d at 635.

[12] Later, in *Talley v. State*, 51 N.E.3d 300 (Ind. Ct. App. 2016), *trans. denied*, on review of a petition for post-conviction relief, a panel of this court held that trial counsel did not render ineffective assistance by failing to file a motion to bifurcate proceedings. Talley was charged with two counts of resisting law enforcement, and one count of possession of a firearm by a SVF based on a 2001 conviction of armed robbery. When arrested by police, Talley asked the police officer to release him because he was a convicted felon. Talley had fled from police and when cornered drew a handgun, which the officer was able to force from Talley's hand. Trial counsel considered, but decided against,

requesting bifurcation of the charges, concluding, as a strategic decision, that the possession of the handgun was connected to the instant charges, likely providing a motive for the charges of resisting law enforcement.

In the present case, Pickett's prior conviction for escape has no relevance to the charges he presently faces; *i.e.*, it did not tend to establish intent, motive, knowledge, plan, identity, or credibility. *See Spearman*, 744 N.E.2d at 547-48. The proposed instruction would be appropriate were the only charge against Pickett the SVF charge. The instruction avoids the use of the term "serious violent felon" by naming the prior qualifying felony and citing the statute. It would do nothing to ameliorate the prejudicial irrelevance in this case. Therefore, we conclude that the trial court erred by denying Pickett's motion to bifurcate the proceedings.

# Conclusion

In light of the foregoing, we reverse the trial court's decision and remand this matter for proceedings consistent with this opinion.

Reversed and remanded.

Brown, J., and Pyle, J., concur.