

FILED

Dec 12 2023, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan H. Babb
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
JESSICA A. SMILEY

Matthew J. Trainor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
PROGRESSIVE SOUTHEASTERN
INSURANCE COMPANY

James W. Hehner
Matthew E. Hobson
Clendening Johnson & Bohrer,
P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Charles Jennings,

*Appellant-Plaintiff,*

v.

Jessica A. Smiley and
Progressive Southeastern
Insurance Company,

*Appellees-Defendants.*

December 12, 2023

Court of Appeals Case No.
23A-CT-303

Appeal from the Hamilton
Superior Court

The Honorable Michael A. Casati,
Judge

Trial Court Cause No.
29D01-2002-CT-1487

**Opinion by Judge Bradford**
Judges Brown and Vaidik concur.

**Bradford, Judge.**

# Case Summary

[1]     As Jessica Smiley was driving down Westfield Boulevard in Carmel, she struck and injured Charles Jennings, who was walking across the street. When the case proceeded to discovery, Jennings moved to compel a cellular telephone inspection to determine whether Smiley's telephone had been running the Waze application at the time of the incident. Originally, the trial court granted Jennings's motion but reversed itself following Smiley's petition to reconsider. The case proceeded to jury trial, at the conclusion of which the jury found Jennings to be ninety percent at fault and Smiley ten percent. Jennings argues that the trial court abused its discretion when it disallowed targeted discovery of Smiley's telephone, which he claimed was relevant to his claim that Smiley had been distracted while driving at the time of the incident. We affirm.

# Facts and Procedural History

[2]     On the evening of December 19, 2019, Smiley was driving her vehicle northbound on Westfield Boulevard near Wood Valley Drive in Carmel when she struck Jennings, who was walking across Westfield Boulevard. According to Smiley, she had been unable to see Jennings crossing the road because he had stepped out from behind a box truck, which had blocked her view.

[3]     In February of 2020, Jennings sued Smiley, claiming that she had been negligent when she had failed to use due care while driving, maintain a proper

lookout, yield the right of way to pedestrians, and control her vehicle to avoid striking a pedestrian. In answering the complaint, Smiley asserted that Jennings had been contributorily negligent. In February of 2021, Jennings requested production of Smiley's telephone for inspection. In March of 2021, Jennings moved to compel discovery of Smiley's cellular-telephone data to determine whether Waze, a navigation application, had been running at the time of the incident.

[4] In his motion to compel, Jennings explained that Verizon had already produced information for Smiley's "talk activity" but that the inspection would serve a different purpose—one of examining the telephone's data usage. Appellant's App. Vol. II p. 39. Jennings explained that this request had arisen out of two events. First, while Smiley's vehicle's black box "did not evidence a recordable event[,] the [accident] reconstructionist generated a report which concluded" that "Smiley was inattentive and/or distracted as she operated her Honda Accord northbound on Westfield Blvd approaching Carmel Park. Mr. Jennings would have been visible to Ms. Smiley if she were safely operating her vehicle[.]" Appellant's App. Vol. II pp. 30–31. Second, Smiley had testified in a deposition that she had been using Waze when she had begun her drive that day but claimed that she had not had the application on when she was driving. At the hearing on Jennings's motion to compel, Smily argued that production of the telephone would be a "really intrusive endeavor" and that Jennings had other methods available to gather the same information. Tr. Vol. II p. 7. The trial court granted Jennings's motion to compel.

[5] On August 20, 2021, Smiley petitioned the trial court to reconsider its ruling on Jennings's motion due to privacy concerns. That September, the trial court issued an order on Smiley's petition, in which it denied Jennings's motion to compel because "it had drastically misconstrued a crucial piece of evidence which was central to its decision to grant [Jennings]'s motion." Appellant's App. Vol. II p. 61.

[6] In January of 2023, the trial court conducted a jury trial. At trial, the investigating officers testified that Jennings had not crossed "at an intersection"; there was no crosswalk; no yield, stop, or pedestrian-crossing signs; and the accident had occurred at rush hour on a busy road. Tr. Vol. II p. 135. The officers testified that they had found no evidence that Smiley had been distracted, driving recklessly, or speeding. Additionally, Smiley testified that she had not seen Jennings crossing the street before impact because he had stepped out from behind a large truck. Jennings also acknowledged that he had had to wait to cross the street due to the truck. Moreover, two witnesses in the vehicle immediately behind Smiley's vehicle testified that they had noticed no signs of distraction or anything out of the ordinary with Smiley's driving. Further, Jennings's accident-reconstruction expert, Joseph Stidham, admitted that Smiley could not have seen Jennings before the oncoming truck had passed him because she would have been too far down the road. Stidham testified that it would have taken Smiley 165 to 191 feet, or between 4.6 to 5.5 seconds, to detect Jennings and apply the brake to avoid hitting him.

The jury determined that Jennings had been ninety percent at fault and Smiley had been ten percent. As a result of Jennings's being more than fifty percent at fault, the trial court entered judgment in favor of Smiley.[1]

# Discussion and Decision

Trial courts enjoy "broad discretion on issues of discovery"; therefore, "we review discovery rulings—such as rulings on motions to compel—for an abuse of that discretion." *Minges v. State*, 192 N.E.3d 893, 896 (Ind. 2022). A trial court abuses its discretion when it makes a decision that is clearly against the logic and effect of the facts and circumstances before it. *Pickett v. State*, 83 N.E.3d 717, 719 (Ind. Ct. App. 2017). Further, "the Indiana Trial Rules are designed to allow liberal discovery." *Beville v. State*, 71 N.E.3d 13, 18 (Ind. 2017).

Jennings argues that the trial court's refusal to allow the telephone inspection constitutes reversible error.[2] We disagree. As Smiley notes, Trial Rule 26(B)(1)

---

[1] Pursuant to Indiana Code section 31-51-2-6(a), "[i]n an action based on fault that is brought against [] one (1) defendant[,] the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."

[2] Shortly before trial, Smiley filed a motion in limine asking the trial court to prohibit any mention of (1) Smiley's objection to producing her telephone for inspection or (2) the court's order denying Jennings's request to inspect it, which the trial court granted. On appeal, Jennings contests how this order in limine was enforced during trial. However, he makes clear that he is not raising this as an "independent issue." Appellant's Reply Br. p. 23. Rather, he asserts that if we find the trial court abused its discretion by denying the requested discovery, we should also find that he was prejudiced by that error, in part because of the enforcement of the order in limine. *See* Appellant's Reply Br. p. 24 ("The core reversible error in the case is prohibiting Jennings from inspecting the phone, which is a pre-trial exclusion of relevant, non-cumulative evidence. The consequential enforcement of that ruling during trial (by enforcing a related, pre-trial motion

allows trial courts to limit the scope and methods of discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought or; (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

[10] Based on the record before us, we conclude that the burden of Jennings's proposed telephone inspection outweighs its likely benefit in light of Smiley's significant privacy concerns. We have previously noted that "[s]earching the data of a modern cell phone is intrusive"; therefore, to justify such an intrusive search, Jennings would have to provide strong indicators that Smiley had been using her cellular telephone at the time of the incident. *Brown v. Eaton*, 164 N.E.3d 153, 166 (Ind. Ct. App. 2021), *trans. denied*. Here, the record merely shows that Smiley claimed she had used Waze earlier in the day, Jennings's expert testified that Smiley had been distracted, and percipient witnesses and investigating officers testified that Smiley had not appeared to be distracted. After weighing Smiley's "legitimate privacy concerns and the Court's error in

---

in limine) is what led to the 'probable impact on [Jennings]' substantial rights.'"). Because we conclude the trial court did not abuse its discretion by denying the discovery, we need not address the motion in limine.

reviewing the evidence from the [motion to compel] hearing," the trial court was ultimately persuaded that the burden of the request outweighed the potential probative value of the telephone inspection. Appellant's App. Vol. II p. 61. Without sufficient indicators that Smiley was using her cellular telephone at the time of the accident, we cannot say that the trial court abused its discretion in denying Jennings's discovery request. *See* Ind. Trial Rule 26(B)(1).

[11]    Jennings alleges that this issue is one of first impression in Indiana, and consequently directs our attention to *Antico v. Sindt Trucking, Inc.*, 148 So.3d 163 (Fla. Dist. Ct. App. 2014) to help create a framework to balance discovery needs and privacy rights as it relates to cellular telephones. That case, however, does not help him. In *Antico*, "the trial court didn't allow the inspection simply because Respondents made assertions that decedent was on her cellphone, or because the decedent happened to possess a cellphone in her car." *Id.* at 166. Instead, "Respondents supported their motion to inspect the cellphone with specific evidence[,]" including

> cell phone records showing that the decedent was texting just before the accident; two witnesses indicated that the decedent may have used her cell phone at the time of the accident; and troopers responding to the accident lent support to the conclusion that the decedent was using her cell phone when the accident occurred.

*Id.* at 166–67. In other words, the evidence in *Antico*, unlike the evidence in this case, strongly indicated that the decedent had been using her cellular telephone at the time of the accident, therefore justifying a cellular-telephone inspection.

[12] Moreover, we are confident that the Indiana trial rules sufficiently address this issue. Similar to the Florida rule cited by Jennings, Trial Rule 26(B) entrusts the trial court with the discretion to limit discovery in accordance with these rules "by order of the court[.]" Ind. Trial Rule 26(B). We conclude that turning to persuasive authority to craft a framework for such discovery requests is unnecessary. In short, we cannot say that the trial court abused its discretion in denying Jennings's motion to compel. *See Minges*, 192 N.E.3d at 896.

[13] The judgment of the trial court is affirmed.

Vaidik, J., and Brown, J., concur.