In re PILOT PROJECT FOR AU-
DIO/VISUAL RECORDINGS IN
LIEU OF PAPER TRANSCRIPTS IN
the PREPARATION OF the RECORD
AND BRIEFING ON APPEAL.

No. 94S00–1209–MS–522.

Supreme Court of Indiana.

Sept. 18, 2012.

*ORDER ESTABLISHING THE
INDIANA COURT REPORTING PI-
LOT PROJECT FOR EXPLORING
THE USE OF AN AUDIO/VISUAL
RECORD ON APPEAL*

After a study of court reporting methods employed in court systems throughout the country, this Court determined that Indiana should explore some of the ways used by other jurisdictions to improve court reporting services. The use of audio/visual recording as the record on appeal is a method our neighbor, Kentucky, has used for more than 25 years to expedite the appellate process. This Order establishes a special court reporting pilot project, which will explore the use of audio/visual recordings as the record on appeal in lieu of paper transcripts. This effort shall be designated as the *Indiana Court Reporting Pilot Project for Audio/Visual Recordings.*

*Background:* Indiana's trial courts use recording equipment, primarily digital, to record the proceedings in their courts. The courts employ county-paid court reporters who help the judge record the proceedings and, when requested to do so, transcribe the recording and create a transcript of the proceedings for submission and use by the Courts on Appeal. Pursuant to Administrative Rule 15, the courts of records in the county adopt, for approval by the Supreme Court, local rules by which all court recording services and charges are governed. The local rules must set the permissible per page fees a court reporter can charge for transcribing the record and must require an annual report of the income generated by each court reporter through the preparation of court transcripts. The 2011 reports indicate that approximately $1,862,000 was collected from the preparation of transcripts, and that $968,000 of that amount was paid from public funds for transcripts in indigent cases. The amounts generated in each county vary depending on the number of appeals and the length of the transcripts. The 2011 total amounts reported by county varied from zero to approximately $320,000 in Marion County, while the county transcript preparation per page charges varied from $2.50 to $7.50.

The Indiana Rules of Appellate Procedure, which were adopted on February 4, 2000, effective January 2, 2001, were the result of a comprehensive undertaking by the Appellate Section of the Indiana State Bar Association, a special Appellate Rules Project, and the Supreme Court Committee on Rules of Practice and Procedure. The proposal tendered to this Court included, among other things, a recommendation that the time for preparation of the transcript be reduced from ninety (90) to sixty (60) days. This Court declined to reduce the 90–day time limit but indicated that further study may be warranted by stating in Appellate Rule 11(B) that the 90–day period will remain "until July 1, 2003, and until revised thereafter."

Consistent with its continuing study and review of how to expedite the appellate process and improve court reporting services, this Court directed the Division of State Court Administration (Division) to conduct a study and report to the court on what other court systems are doing to provide more efficient, more timely and less costly court reporting and transcribing services. The Division reported that among the methods other jurisdictions use

to expedite the appellate process, improve court reporting and transcription services, and reduce costs are: (1) the use of audio/visual recordings as the record on appeal; (2) the use of certified professional transcription experts; and, (3) the use of electronic briefing, filing and transmission of appellate documents.

In a separate effort, the Indiana Court of Appeals conducted an analysis of the time that transpired between the filing of the notices of appeal and the completion of transcripts in cases filed with that court. The results indicated that in 2010 there were two thousand two hundred seventy-six (2,276) appeals in which a transcript was filed. In those cases, the average number of days between the filing of a Notice of Appeal and the filing of the transcript was one hundred fifty-one (151) days. The fewest number of days was eighty-six (86), and the largest was two hundred twenty-nine (229).

In light of the foregoing, this Court decided to direct the Division to undertake a pilot project designed to explore ways for presenting the record on appeal without the preparation of the traditional transcript by a court reporter, and to explore ways to receive and use transcripts in a more timely, efficient, and cost-effective manner. Former Chief Justice Randall Shepard sought and received a pledge of cooperation from the Indiana Court of Appeals, and Chief Judge Margret Robb appointed Judge Cale Bradford, Judge Melissa May, and Judge James Kirsch as the Court of Appeals judges who will spearhead the project and participate in the review of the selected cases.

IT IS, THEREFORE, ORDERED THAT the Executive Director of the Division of State Court Administration and staff shall work with Chief Judge Robb, the Court of Appeals judges and staff, and the selected trial court judges to conduct a pilot project for a limited period of time, and in a limited number of appealed cases, in three phases to accomplish the following: (1) utilizing audio/visual recordings in lieu of paper transcripts in selected courtrooms; (2) using outside transcript preparation to expedite the process of transcript preparation of lower court proceedings; and, (3) requiring parties on appeal to file in digital format only their appellate briefs and transcript of proceedings. This is one of three (3) Orders concerning this pilot project.

Notwithstanding the procedures set out in the Indiana Rules of Appellate Procedure, this Court authorizes a limited pilot project utilizing audio/visual recordings in lieu of paper transcripts for the preparation of the record and briefing on appeal. During the term of the pilot project, the participating trial courts, trial court clerks, court reporters, and parties shall comply with the Indiana Rules of Appellate and Trial Procedure except as set forth below. Each of the participating courts will utilize the audio/visual equipment installed in its courtroom for this pilot project, while continuing to use its court's existing audio equipment, to record every proceeding in its courtroom during this pilot project. In the cases chosen by the trial courts for this pilot project, participation is mandatory for the parties. Citations to paper transcripts may not be used in the preparation of the appellate briefs in these limited cases.

**PILOT PROJECT TERM:** This pilot project shall end on December 31, 2013, unless extended by further order of this Court.

**PARTICIPATING COURTS:** Marion Superior Court, Criminal Division 6 (Major Felony); Tippecanoe Superior Court # 3; and Allen Superior Court (Civil).

**CASES ON APPEAL:** After a Notice of Appeal has been filed, within five (5) business days, the trial court may desig-

nate the case as a pilot project case by filing a notice with the appellate clerk, in the form and substance of the attached Exhibit A, with service to the parties. This notice will inform the parties that their appeal must be prepared using the audio/visual recordings in lieu of a paper transcript. Each of the participating trial courts will select fifteen (15) cases being appealed from their courts to the Court of Appeals of Indiana from the following case types: Marion Superior Court—fifteen (15) criminal cases, Tippecanoe Superior Court—fifteen (15) termination of parental rights cases, and Allen Superior Court—fifteen (15) civil cases.

**APPELLATE PANEL:** During the term of the pilot project, fifteen (15) appeals utilizing audio/visual recordings in lieu of paper transcripts from each of the participating courts will be assigned to a predetermined three-judge panel.

### ALTERNATIVE PROCEDURES:

**A. Trial Court Proceedings.** The record of trial court proceedings shall consist of two (2) simultaneously created audio/visual recordings. The recordings shall be made using equipment meeting guidelines established by the Executive Director of the Division of State Court Administration, as approved by this Court.

**B. Method of Identification.** For identification purposes the court reporter, judge or designee shall label each of the two (2) official audio/visual records as follows:

1. line one—the case number assigned in the trial court;

2. line two—a short caption of the proceeding (e.g. Smith v. Jones);

3. line three—the appellate case number assigned by the court on appeal, if known; and,

4. line four—the date and the sequential volume number of the record.

**C. Trial Event Log.** The court reporter, judge or a designee shall keep a Trial Event Log within the accompanying software for the equipment. The Trial Event Log shall indicate:

1. where each witness' direct, cross, or redirect examination begins and ends;

2. where each exhibit is offered into evidence and the court's ruling on the admission of each exhibit begins;

3. where voir dire and jury instructions begin and end, injury trials;

4. where opening and closing statements begin and end; and,

5. where pre-trial hearings begin and end with a brief synopsis identifying the nature of the hearings.

**D. Access to the Audio/Visual Recording.** Prior to the filing of a Notice of Appeal, parties may request, and at the trial court's discretion, the Court may provide to the parties a copy of the Audio/Visual Recording provided that the parties supply their own media for copying purposes. Such copy shall be provided at no cost to the parties. Notwithstanding the provisions of Ind. Administrative Rule 9(H) prohibiting public access to court records and pursuant to the authority vested in this Court by the Indiana Access to Public Records Act, I.C. 5–14–3–4(a)(8), the Audio/Visual Recording and any copies shall be deemed confidential and not subject to public access until after the court proceeding has been concluded and all direct appeals have been exhausted.

**E. Certification and Notice of Completion of Audio/Visual Recording.** Within thirty (30) days of the filing of a Notice of Appeal, two (2) of the copies of the Audio/Visual Recording shall be certified by the court reporter and filed with the trial court clerk. The trial court shall retain a copy of the Audio/Visual Recording. Upon the filing of the two (2) certified copies of the Audio/Visual Recording,

the trial court clerk shall issue and file a Notice of Completion of Audio/Visual Recording, in the form and substance of Exhibit B, as is provided in Ind. Appellate Rule 10(D) for paper transcripts.

**F. Submission of Audio/Visual Recording.** Following certification of the Audio/Visual Recording, the court reporter shall seal two (2) certified copies in an envelope or package bearing the trial court case number and marked "Audio/Visual Recording." The court reporter shall retain the court reporter's copy of the Audio/Visual Recording and provide a duplicate copy at no cost to each party at the time of filing the Notice of Completion of Audio/Visual Recording (in criminal cases, a copy should be provided to the Attorney General). The court reporter shall file the sealed Audio/Visual Recording, paper exhibits, and photographic reproductions of nondocumentary and oversized exhibits (if included pursuant to Rule 29(a)) with the trial court clerk in accordance with Appellate Rule 11.

**G. Briefs and Other Filings; Filing Deadlines and Citations.**

1. **Appellant's Brief.** The appellant's brief shall be filed no later than forty-five (45) days after the date the trial court clerk serves its Notice of Completion of the Audio/Visual Recording under section E above. Rule 25(C), which grants a three-day extension of time for service by mail or third-party commercial carrier, does not extend the due date for filing the appellant's brief, but does apply to the filing of all other briefs.

2. **Appellee's Brief.** The appellee's brief shall be filed no later than forty-five (45) days after service of the appellant's brief.

3. **Appellant's Reply Brief; Cross–Appellee's Brief.** Any appellant's reply brief shall be filed no later than fifteen (15) days after service of the appellee's brief. If the reply brief also serves as the cross-appellee's brief, it shall be filed no later than forty-five (45) days after service of the appellee's brief.

4. **Cross–Appellant's Reply Brief.** Any cross-appellant's reply brief shall be filed no later than fifteen (15) days after service of the appellant's reply brief.

5. **Citations to Audio/Visual Recording.** Each reference in a brief to a segment of the Audio/Visual Recording (hereinafter A/V Rec.) shall set forth in parentheses "A/V Rec." and include the following: the number of the diskette or tape, and the month, day, year, hour, minute, and second at which the reference begins as recorded in the A/V Rec. For example: (A/V Rec. No. 1; 08/30/86; 09:22:26). Parties may not cite to any paper transcript within briefs, appendices, addendums, and petitions filed with the court on appeal.

6. **Other Documents.** All briefs, appendices, addendums, and petitions filed with the court on appeal in cases being appealed from a participating court during the term of the pilot project shall be filed in paper format as required under the Rules of Appellate Procedure. Parties are also encouraged to file these documents electronically (see Appellate Rule 43(K)).

**ADDITIONAL PROVISION:** For this pilot project, the following additional provision shall apply:

In the fifteen (15) criminal cases chosen for this pilot project appealed from Marion Superior Court, Criminal Division 6 (Major Felony), the party filing the Notice of Appeal shall also request and make payment for a paper transcript to be prepared by the court reporter (in accordance with the Rules of Appellate Procedure). Criminal

felony cases files must be retained in a permanent medium and microfilmed pursuant to Administrative Rule 6(G)(3) or, if maintained electronically, they must be kept so that a hard copy can be generated at any time. *See Trial Rule 77(J)*. The paper transcripts are necessary in order to comply with the current permanency standard for felony case files. However, the parties shall not cite to the paper transcript and are strongly encouraged not to use the paper transcript in the preparation of the briefs on appeal. In these fifteen (15) pilot project criminal cases, these transcripts will be maintained and preserved as part of the appellate record along with the audio and audio/video recordings.

IT IS ORDERED THAT the Clerk of this Court is directed to include a copy of this Order with the case file of each case appealed using the proceedings set out in this Order and to include a reference in the chronological case summary that the appeal is governed by this Order.

IT IS FURTHER ORDERED THAT the Clerk is directed to send copies of this Order to the following: the Hon. Nancy E. Boyer, Allen Superior Court (Civil), 715 S. Calhoun Street, # 325, Fort Wayne, IN 46802–1805; the Hon. Loretta H. Rush, Tippecanoe Superior Court # 3, 301 Main Street, Lafayette, IN 47901; the Hon. Mark D. Stoner, Marion Superior Court (Major Felony), 200 East Washington Street, W306, Indianapolis, IN 46204–3363; Chief Judge Margret G. Robb, Court of Appeals of Indiana; Steven F. Lancaster, Administrator of the Court of Appeals of Indiana; the Michie Company; and Thomson Reuters. The Clerk is further directed to post this Order on the Court's website.

Thomson Reuters is directed to publish this Order in the advance sheets of this Court.

This Order is effective July 1, 2012.

All Justices concur.

### Exhibit A

IN THE
INDIANA COURT OF APPEALS

### NOTICE OF DESIGNATION OF CASE AS AN AUDIO/VISUAL RECORDING PILOT PROJECT CASE

The undersigned presiding Judge hereby notifies the parties, pursuant to the Indiana Supreme Court Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal (Order) in Supreme Court Case No. ____—____—MS____, that this case is designated as a pilot project case pursuant to the authority vested in me by the above Order. The parties to this appeal must prepare their appellate briefs using only the audio/visual recording in lieu of a paper transcript.

Entered this ____ day of ____, 20____.

Copies to:

### Exhibit B
### IN THE
### INDIANA COURT OF APPEALS

### NOTICE OF COMPLETION OF AUDIO/VISUAL RECORDING

_____, the Court Reporter of _____ Court, hereby notifies the parties, pursuant to the Indiana Supreme Court Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal (Order) in Supreme Court Case No. _____–MS–____, that the Audio/Visual Recording in this cause is complete. This ____ day of ____, 20 ____, the Audio/Visual Recording was filed with the clerk of the trial court in accordance with the above Order.

_____

Court Reporter

### CERTIFICATE OF SERVICE

I certify that on [insert date] I sent copies of this document to the following parties of record by United States Mail, postage prepaid. [List parties and their addresses]

_____

Court Reporter