**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
**DARREN BEDWELL**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAWAYNE J. THOMAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1309-CR-452 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1210-FB-69821

**April 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Dawayne J. Thomas appeals his conviction following a jury trial for unlawful possession of a firearm by a serious violent felon ("SVF")[1] as a Class B felony, contending that his request for bifurcated proceedings should have been granted.

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

On the evening of October 8, 2012, at about 9:30 p.m., Officers Michael Kavanaugh and Kevin Larussa, of the Indianapolis Metropolitan Police Department, responded to a call from a resident reporting an incident involving a potentially armed man sitting in a white Chevrolet Tahoe. When the officers arrived on the scene, they approached the Tahoe. A man, who was later identified as Thomas, was sitting in the passenger seat of the vehicle.

Officer Kavanaugh approached the Tahoe from behind, while Officer Larussa shined his spotlight on Thomas and walked toward the Tahoe from the front. As Officer Larussa approached, he saw Thomas reach down into the vehicle. Thomas then cracked open the passenger side door and dropped something on the ground. The officers heard something like a heavy, metal object hit the ground. Officer Larussa drew his service weapon and ordered Thomas out of the vehicle. Thomas promptly exited the Tahoe and

---

[1] *See* Ind. Code § 35-47-4-5.

[2] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal[,]" issued on September 18, 2012, and effective on July 1, 2012. *See In Re Pilot Project for Audio/Visual Recordings In Lieu of Paper Transcripts In the Preparation of the Record and Briefing on Appeal*, 976 N.E.2d 1218 (Ind. 2012). We are grateful for the ongoing cooperation of the Honorable Mark D. Stoner of Marion Superior Court, the Marion County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

complied with Officer Larussa's orders to lie down on the ground.

While handcuffing Thomas, Officer Kavanaugh saw a Ruger 9mm caliber handgun on the ground directly under the Tahoe passenger door from which Thomas had exited. The handgun was loaded, with a round in the chamber. There was nothing else on the ground. The officers then searched Thomas's person and found a box of 9mm caliber ammunition in his coat pocket. (A/V Rec. No. 1; 07/22/13; 3:28:07-15). The officers also recovered an unloaded, black, AR-15 style rifle in the Tahoe, as well as a box of ammunition for the rifle.

Thomas was arrested and subsequently charged with robbery, pointing a firearm, carrying a handgun without a license, and unlawful possession of a firearm by an SVF. The State, citing the inability to locate an essential witness, moved to dismiss three of the counts. *Appellant's App.* at 51. The trial court granted the State's motion and tried Thomas only on the SVF charge.

Prior to trial, Thomas filed a motion in limine asking the trial court to bifurcate the proceedings "to prevent prejudice to Defendant that is likely to result from the jury hearing that the Defendant is a 'Serious Violent Felon' with a Class A felony Cocaine Dealing conviction." *Appellant's App.* at 65. At the commencement of trial, the trial court heard the parties' arguments regarding Thomas's motion and then denied it. Recognizing the validity of Thomas's concern about potential unfair prejudice, however, the trial court ordered that the term "serious violent felon" not be used in the charging information presented to the jury, in any instructions, or in the State's argument. (A/V Rec. No. 1; 07/22/13; 9:33:18-9:34:01).

During trial, the officers testified regarding the circumstances of Thomas's possession of the gun. The State also introduced, and the jury heard, the recording of a telephone call that Thomas made from prison to an "unknown female." *State's Ex.* 8. In that conversation, Thomas is heard to say, "I mean everything [is] a little bit beatable except carrying a hand gun [sic] without a license and all that." *State's Ex.* 8. During the proceedings, the jury never heard the phrase "serious violent felon." Following trial, the jury found Thomas guilty of unlawful possession of a firearm by an SVF, and the trial court sentenced him to ten years executed. Thomas now appeals.

## DISCUSSION AND DECISION

On appeal, Thomas touches on two issues. First, he argues that the trial court denied him a fair trial when it refused his motion to bifurcate the trial. *Appellant's Br.* at 5, 6. Second, Thomas maintains that the trial court abused its discretion when it denied his motion to bifurcate the proceedings.[3] *Id.* at 6. We address these issues in turn.

Thomas's claim that he was denied a fair trial, mirrors the issue raised by the defendant in *Spearman v. State*, 744 N.E.2d 545 (Ind. Ct. App. 2001), *trans. denied.* Spearman was convicted following a jury trial of one count of possession of a firearm by an SVF. On appeal, he claimed that his trial, which allowed the jury to hear about his prior felony conviction, violated his due process rights under the Fourteenth Amendment to the United States Constitution. *Id.* at 547. Our court disagreed. As we noted in *Spearman*, Indiana Code section 35-47-4-5 prohibits those convicted of a serious violent felony from

---

[3] Thomas does not contest the evidence from which the jury determined that he was in possession of the handgun or rifle.

4

knowingly or intentionally possessing a firearm. "[T]he legal status of the offender is an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status." *Id*. at 548.

Agreeing with our decision in *Spearman*, our Supreme Court has recognized that where a defendant is tried solely on the charge of unlawful possession of a firearm by an SVF, such defendant is "not entitled to have the proceedings bifurcated . . . because the evidence of the prior conviction is an essential element of the crime. *Hines v. State*, 801 N.E.2d 634, 635 (Ind. 2004) (citing *Spearman*, 744 N.E.2d at 548). Thomas, nevertheless, urges this court to "exercise [its] supervisory power over trial courts to ensure that future jury trials for SVF charges are bifurcated" to ensure fair trials. *Appellant's Br*. at 5. It is not, however, this court's role to reconsider or declare that decisions of our Supreme Court are invalid. *Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005). As we explained in *Horn*:

> We are bound by the decisions of our [S]upreme [C]ourt. Supreme [C]ourt precedent is binding upon us until it is changed either by that [C]ourt or by legislative enactment. While Indiana Appellate Rule 65(A) authorizes this [c]ourt to criticize existing law, it is not this court's role to "reconsider" [S]upreme [C]ourt decisions.

*Id.* (quoting *Dragon v. State,* 774 N.E.2d 103, 107 (Ind. Ct. App. 2002), *trans. denied*). The trial court's denial of Thomas's motion to bifurcate was not a per se violation of his right to a fair trial.

Thomas also contends that the trial court abused its discretion when it denied his motion to bifurcate. Generally, a motion to bifurcate is reviewed for an abuse of discretion. *Dugan v. State*, 860 N.E.2d 1288, 1290 (Ind. Ct. App. 2007), *trans. denied.* An abuse of

discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*.

Several Indiana cases have discussed the problematic nature of trying SVF charges to a jury. Specifically, these cases have wrestled with the question of how to balance a defendant's right to a fair trial against the requirement that each element of a crime must be proven beyond a reasonable doubt. To prove unlawful possession of a firearm by a serious violent felon, the State has to prove that defendant 1) was in possession of a firearm, and 2) was a serious violent felon, *i.e.*, that he had been convicted of one of the crimes designated under Indiana Code section 35-47-4-5.[4] Thomas was designated an SVF for due to his prior conviction of dealing in cocaine. Ind. Code § 35-47-4-5(b)(23).

Thomas focuses on language in *Spearman*, where we said it was "not practical, or even possible, to bifurcate the proceedings" where the defendant is only charged with unlawful possession of a firearm by an SVF. *Appellant's Br*. at 7. Thomas recognizes that the majority opinion in *Spearman* has not been overruled; yet, he contends that more recent appellate decisions show that it is practical to bifurcate the proceedings of an SVF count. *Id*. We concede that our appellate courts found that the trial courts in *Russell* and *Williams* did not abuse their discretion by bifurcating the SVF proceedings. *See Russell v. State*, 997 N.E.2d 351 (Ind. 2013) (in first stage of trial, jury heard evidence of murder and unlawful possession of gun, and second stage, jury heard evidence of whether defendant was SVF); *see also Williams v. State*, 834 N.E.2d 225, 228 (Ind. Ct. App. 2005) (approving of trial

---

[4] There are twenty-seven crimes listed in Indiana Code section 35-47-4-5, the conviction of which may result in a person being designated as a "serious violent felon"; among that list are crimes such as murder, battery, kidnapping, and dealing in cocaine, methamphetamine, or other controlled substances.

6

court having bifurcated trial to avoid labeling defendant as SVF until after the jury had decided possession element). However, finding no abuse of discretion in a bifurcated trial court proceeding has no direct bearing on whether it is an abuse of discretion to proceed without bifurcated proceedings. That question still must be decided on the facts of this case.

In the instant case, before he denied the motion, the trial court heard extensive argument from both parties regarding Thomas's motion to bifurcate. Contrary to Thomas's assertion, we conclude for the following reasons that the trial court did not abuse its discretion in denying Thomas's motion to bifurcate the elements of the SVF charge.

Notwithstanding his decision to deny the motion, the trial court recognized the validity of Thomas's concern about prejudice. To diminish prejudice to Thomas, the trial court ordered the term "serious violent felon" not be used in the charging information presented to the jury, in any instructions, or in the State's argument. (A/V Rec. No. 1; 07/22/13; 9:33:18-9:34:01). The trial court gave several preliminary instructions, none of which referred to Thomas as an SVF. *Appellant's App.* at 69-93. In Preliminary Jury Instruction Number 6, the jury was informed that Thomas was charged with unlawful possession of a firearm by a person having been convicted of a prior felony. *Appellant's App.* at 76. This preliminary instruction also included the language of the charging information which, again, made no mention of Thomas being an SVF. *Id.* at 77. Preliminary Jury Instruction Number 14 informed the jury:

> As the Court has instructed you, each element of the offense must be considered separately by the jury. Each element must be proven independently beyond a reasonable doubt.

7

Sometimes evidence is admitted for a limited purpose. You may hear testimony that the Defendant had a prior conviction. That information is an element of the offense which is separate and distinct from whether the Defendant possessed a firearm.

You may not consider any testimony about the Defendant's prior conviction for any other purpose. Specifically, you may not consider the evidence as proof of the Defendant's character. You may not draw any inference that, because the defendant had a prior conviction on one occasion, he must have knowingly possessed a gun on this incident. Each element must be considered on its own individual facts.

*Id*. at 86. This preliminary instruction advised the jury as to the limited use of the prior felony conviction.

Here, allowing evidence of the prior conviction and the possession to be heard during the same proceeding would have had little if any influence on the jury's determination that Thomas possessed the firearm or the rifle. During trial, the jury heard the recording of a telephone call that Thomas made from prison to an "unknown female." *State's Ex*. 8. In that conversation, Thomas is heard to say, "I mean everything [is] a little beatable except carrying a hand gun without a license and all that." *State's Ex*. 8. This admission by Thomas would have been enough for the jurors to conclude that he possessed the handgun.

Likewise, prejudice, if any, caused by the jury learning of the prior conviction was diminished when, during *voir dire*, defense counsel conceded that his client had a qualifying prior offense: "One of the things that you're going to hear is that Mr. Thomas has a prior conviction from 2003." (A/V Rec. No. 1; 7/22/13; 11:37:00). Defense counsel told the jury that the conviction was for drug dealing. (A/V Rec. No. 1; 7/22/13; 11:37:23).

He then asked the jurors whether any of them would be unable to be fair and impartial because he had a criminal history. (A/V Rec. No. 1; 7/22/13; 11:37:34-39). One potential juror admitted that she could not. (A/V Rec. No. 1; 7/22/13; 11:37:40). By informing the potential jurors of Thomas's prior conviction, defense counsel was able to address, prior to trial, the issue of juror bias.

Thomas was not denied a fair trial, nor did the trial court abuse its discretion in denying Thomas's motion to bifurcate the proceedings on his sole charge of unlawful possession of a firearm by an SVF.

Affirmed.

MAY, J., and BRADFORD, J., concur.