**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK BLACKBURN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-CR-833 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark Stoner, Judge
Cause No. 49G06-1306-FB-39719

**May 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Mark Blackburn appeals his conviction of Class B felony robbery. Non-parties L.S. and Markel Gray committed two robberies twenty minutes apart. Blackburn drove L.S. and Gray away from the scene of the second robbery, and the three were apprehended shortly thereafter. Appellee-Plaintiff the State of Indiana tried Blackburn as an accomplice to the second robbery only. At trial, the State presented evidence of the first robbery to prove Blackburn's knowledge in aiding L.S. and Gray in the second robbery. Blackburn argues that the trial court abused its discretion in admitting evidence of the first robbery in violation of Indiana Evidence Rule 404(b). Blackburn claims evidence of the first robbery is not relevant to any issue other than his propensity to commit the second robbery. We disagree, finding evidence that Blackburn knew L.S. and Gray had committed the first robbery, which evidence makes it more probable that Blackburn knew L.S. and Gray had committed the second robbery when he drove them away from the scene. Blackburn further claims evidence of first robbery is unfairly prejudicial because it inescapably leads to the forbidden inference that he participated in the second robbery. Finding no direct evidence or argument concerning Blackburn's participation in the first robbery, and considering the limiting instructions given by the trial court, we conclude that the danger of unfair prejudice did not substantially outweigh the probative value of the challenged evidence. The judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY[1]

---

[1] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on

At approximately 9:40 p.m. on June 17, 2013, the Village Pantry located at 3760 North Franklin Road ("the 38th Street Village Pantry") was robbed by two males ("the 38th Street robbery"). The first male, later identified as L.S., wore a white T-shirt, red shorts, and a red bandana covering his face. The second male, later identified as Markel Gray, wore dark clothing, a black and red baseball cap, and a dark bandana covering his face. Inside the 38th Street Village Pantry, L.S. pointed a handgun at Village Pantry employee Mea Passley while he and Gray took approximately $70.00 in cash, cigarillos, and cigarette lighters. L.S. and Gray then ran from the store heading south.

Approximately twenty minutes after the 38th Street robbery, the Village Pantry located at 5199 North Franklin Road ("the 52nd Street Village Pantry") was also robbed by two males ("the 52nd Street robbery"). The first male, later identified as L.S., wore a white T-shirt, red shorts, and a red bandana covering his face. The second male, later identified as Gray, wore dark clothing, a black and red baseball cap, and a dark bandana covering his face. Inside the 52nd Street Village Pantry, L.S. pointed a handgun at Village Pantry employee Deborah Ballard while he and Gray took approximately $200.00 in cash, cigarillos, and cigarette lighters. L.S. and Gray then ran from the store heading west.

Moments after the 52nd Street robbery, Lawrence Police Department ("LPD") Officer Jon Thompson observed a gray 1988 Chevrolet Caprice Classic speed past a stop

---

Appeal[,]" issued on September 18, 2012, and effective on July 1, 2012. *See In Re Pilot Project for Audio/Visual Recordings In Lieu of Paper Transcripts In the Preparation of the Record and Briefing on Appeal,* 976 N.E.2d 1218 (Ind. 2012). We are grateful for the ongoing cooperation of the Honorable Mark D. Stoner of Marion Superior Court, the Marion County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

sign at the intersection of 52nd Street and Normal Avenue, two blocks from the 52nd Street Village Pantry. The vehicle was registered to and driven by Blackburn; Gray was riding in the front passenger seat, and L.S. was seated behind him. Officer Thompson initiated a traffic stop of the vehicle, and, as it slowed, L.S. exited the backseat and fled west on foot. Officer Thompson detained Blackburn and Gray in the vehicle, and L.S. was soon apprehended several blocks away.

From Blackburn's vehicle, officers recovered $217.00 in cash; forty-one cigarillos wrapped in varying green, purple, and red packaging; a black and red "Chicago Bulls" baseball cap; and two bandanas, one red and one black. An additional $79.00 in cash and five cigarette lighters were recovered from L.S.'s person. The State charged L.S. and Gray for both the 38th Street and the 52nd Street robberies, while only charging Blackburn for the latter. Specifically, Blackburn was charged with Class B felony robbery on a theory of accomplice liability. He was tried separately from the L.S. and Gray.

On August 26, 2013, Blackburn filed a motion in limine, seeking to exclude evidence of the 38th Street robbery as inadmissible character evidence under Indiana Evidence Rule 404(b). After a pre-trial hearing on the issue, the trial court denied Blackburn's motion but agreed to give the jury limiting instructions as to the challenged evidence. The trial court also granted Blackburn a continuing objection on the issue.

Blackburn's two-day jury trial commenced on August 23, 2013, during which the State presented surveillance video of the 52nd Street robbery. The video shows a vehicle matching the description of Blackburn's driving past the 52nd Street Village Pantry just prior to the robbery. The vehicle turns right onto White Lane, approximately 100 yards

4

west of the 52nd Street Village Pantry, and moments later, L.S. and Gray approach the store on foot from the direction of White Lane. The video further shows L.S. and Gray running from the store in the direction of White Lane after the robbery.

The State also presented surveillance video of the 38th Street robbery at trial. This video shows L.S. and Gray approaching the 38th Street Village Pantry on foot from a field south of the store and then running toward the field after committing the robbery. Inside the store, the video shows Gray taking cigarillos wrapped in green packaging. Passley later testified that the cigarillos found in Blackburn's car, including those wrapped in green packaging, were the same type of cigarillos taken during the 38th Street robbery.

Prior to admitting the surveillance video of the 38th Street robbery, the trial court instructed the jury as follows:

> Ladies and gentlemen you are about to look at evidence of an incident that's not directly charged before you. This is an incident that was earlier in the evening before the incident that you are being asked to determine whether the State can prove its case beyond a reasonable doubt or not. You are being shown this incident for a limited purpose of determining solely on the issue of what the Defendant's knowledge would be, or whether there is a lack of accident, or what his intent would be on that particular evening. You are not to consider it for any other purpose. In other words and specifically you are not to consider as character evidence. You are only being asked about whether the Defendant is guilty of the Village Pantry incident at 51st and Franklin Road. You may not draw the assumption that because if you believe the Defendant was involved in that incident that therefore he must have done this one. You must determine that independently based upon the elements of the offense that I have already given you. Ok? So, one of the elements is that the Defendant knowingly do something. You are being allowed to consider this incident, which is at a different location, solely for the purpose of determining the Defendant's knowledge, or his intent, or a lack of mistake. Ok? … The court will also give you a final instruction that specifies what I've already told you here orally in court, just to make sure that you do keep that in mind as you consider the evidence and you go in deliberations.

5

(A/V Rec.; 08/26/13; 03:48:28-03:50:38). Final Instruction No. 5, which was later given

to the jury both orally and in writing, similarly provided as follows:

> Sometimes evidence is admitted for a limited purpose. You have heard
> testimony from multiple complaining witnesses. You may consider the
> testimony of such witnesses as it relates to the other incidents for the limited
> purpose of determining the defendant's knowledge, intent, and lack of
> mistake on the case before you.
>
> You may not consider such testimony for any other purpose. Specifically,
> you may not consider the evidence as proof of the defendant's character. You
> may not draw any inference that, because the defendant acted a certain way
> on one occasion, he must have acted the same way on a different occasion
> because of that character trait.

(A/V Rec.; 08/27/13; 11:04:00-11:04:46).

The jury found Blackburn guilty as charged.

## DISCUSSION

Blackburn argues that the trial court abused its discretion in admitting evidence of

the 38th Street robbery in violation of Evidence Rule 404(b). An abuse of discretion occurs

if a trial court's decision is clearly against the logic and effect of the facts and circumstances

before the court. *Ware v. State*, 816 N.E.2d 1167, 1175 (Ind. Ct. App. 2004). Rule 404(b)

provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show action in conformity therewith. It may, however, be

admissible for other purposes, such as proof of motive, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident…."

> In assessing the admissibility of evidence under Rule 404(b), the trial
> court must: (1) determine whether the evidence of other crimes, wrongs, or
> acts is relevant to a matter at issue other than the defendant's propensity to
> commit the charged act; and (2) balance the probative value of the evidence
> against its prejudicial effect pursuant to Indiana Evidence Rule 403.

6

*Fry v. State*, 748 N.E.2d 369, 372 (Ind. 2001). To determine whether the trial court abused its discretion, we employ the same test. *Ware*, 816 N.E.2d at 1175.

## I. Relevancy

Blackburn claims there is insufficient evidence that he participated in the 38th Street robbery, such that evidence of that robbery cannot be relevant to his alleged participation in the 52nd Street robbery. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Evid. R. 104(b). Contrary to Blackburn's claim, however, the relevance of evidence of the 38th Street robbery is not dependent on whether Blackburn participated in its commission.

Blackburn was tried on a theory of accomplice liability, requiring the State to prove that he knowingly aided L.S. and Gray in robbing the 52nd Street Village Pantry. To that end, the State presented evidence that Blackburn helped L.S. and Gray flee the scene of the 52nd Street robbery by driving them away in his vehicle. If Blackburn knew that L.S. and Gray had robbed the 38th Street Village Pantry approximately twenty minutes earlier, evidence of that robbery is relevant to the issue of whether Blackburn knew L.S. and Gray had robbed the 52nd Street Village Pantry when he drove them away. *See Cox v. State*, 696 N.E.2d 853, 861 (Ind. 1998).

The State presented evidence that Blackburn dropped off L.S. and Gray near the 52nd Street Village Pantry just prior to its robbery and that cigarillos taken during the 38th Street robbery were found in Blackburn's vehicle shortly thereafter. This evidence places L.S. and Gray in Blackburn's vehicle during the twenty-minute period between the 38th Street and 52nd Street robberies and is sufficient to support the inference that Blackburn

7

knew L.S. and Gray had just robbed the 38th Street Village Pantry.  *See id.*

Blackburn also claims evidence of the 38th Street robbery is not relevant to any issue other than his propensity to commit the 52nd Street robbery.  We disagree.  Relevant evidence is that having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Evid. R. 401.  As stated above, evidence that L.S. and Gray robbed the 38th Street Village Pantry approximately twenty minutes before committing the 52nd Street robbery makes it more probable that Blackburn knew L.S. and Gray had robbed the 52nd Street Village Pantry when he helped them getaway.  The trial court did not abuse its discretion in this regard.

### III.  Unfair Prejudice

Blackburn further claims evidence that he participated in the 38th Street robbery is unfairly prejudicial because it inescapably leads to the forbidden inference that he also participated in the 52nd Street robbery.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…."  Evid. R. 403.  "'Unfair prejudice' addresses the way in which the jury is expected to respond to the evidence; it looks to the capacity of the evidence to persuade by illegitimate means, or the tendency of the evidence to suggest decision on an improper basis[.]"  *Ingram v. State*, 715 N.E.2d 405, 407 (Ind. 1999).

To the extent that the evidence of the 38th Street robbery implicated Blackburn's participation therein, we conclude that the danger of unfair prejudice did not substantially outweigh the evidence's probative value.  No witness identified Blackburn as participating

in the 38th Street robbery, and there is no direct evidence placing him or his vehicle at the scene. Additionally, the State never argued before the jury that Blackburn participated in in the 38th Street robbery. Rather, the State's argument at trial focused on evidence that L.S. and Gray were in Blackburn's vehicle during the twenty-minute period between the two robberies. The trial court also admonished the jury that it was only to consider evidence of the 38th Street robbery for the purpose of determining Blackburn's knowledge in aiding L.S. and Gray in robbing the 52nd Street Village Pantry. The trial court did not abuse its discretion in this regard.

The judgment of the trial court is affirmed.

KIRSCH, J., and MAY, J., concur.