# FOR PUBLICATION



**FILED**
Dec 09 2014, 8:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**FREDERICK VAIANA**
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRANCE BOWENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1404-CR-151 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1308-FB-53447

**December 9, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Terrance Bowens challenges the sufficiency of evidence to support his conviction for class B felony unlawful possession of a firearm by a serious violent felon ("SVF"). Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

The facts most favorable to the verdict are as follows. On August 14, 2013, an emergency medical crew was dispatched to an Indianapolis residence. When the crew arrived, they observed Bowens bending over a walker and vomiting. The paramedic noticed that Bowens's coat was swinging from side to side, indicating that a heavy item was inside. The crew approached Bowens, placed him on a stretcher, and loaded him into the ambulance.

Immediately thereafter, the emergency medical technician ("EMT") asked Bowens if he had any weapons. Bowens became defensive and asked why she wanted to know. She explained that it was a routine question based on safety concerns. She asked him to remove his coat, shoes, and pants so that she could take his vital signs and assess his condition. He complied with respect to his shoes and pants but repeatedly refused to remove his coat. He eventually took his arms out of the coat but shoved his hands into the left coat pocket. When the EMT instructed him to completely remove his coat, he yelled and cursed, still refusing to comply. The EMT moved away from the agitated Bowens, who eventually removed the coat and placed it inside a biohazard bag with his other belongings. The EMT moved the bag beyond Bowens's reach.

At the hospital, the emergency medical crew consulted with hospital security officers concerning Bowens's behavior in the ambulance. Pursuant to hospital policy, all patient packages are subject to search, and no one except law enforcement is allowed to possess a weapon on hospital grounds. The security officers went to Bowens's room and informed him that they would be taking his bag and running it through an x-ray scan to determine whether it contained a weapon. One of the officers picked up the bag and gave it to the other, and Bowens jumped off the bed and tried to push his way toward the bag. The officers handcuffed him. The scan of Bowens's bag revealed a firearm inside the coat pocket.

The State charged Bowens with class B felony unlawful possession of a firearm by an SVF and class A misdemeanor marijuana possession. The marijuana possession charge was dismissed before trial, and a jury subsequently convicted Bowens of unlawful possession of a firearm by an SVF. He now appeals.

## Discussion and Decision

Bowens challenges the sufficiency of the evidence to support his conviction for class B felony unlawful possession of a firearm by an SVF. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

Bowens was convicted pursuant to Indiana Code Section 35-47-4-5(c) (2006), which states, "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." Bowens does not challenge the sufficiency of evidence supporting the elements of his knowing or intentional possession of the firearm. Rather, he merely submits that the State failed to prove beyond a reasonable doubt his status as an SVF.

Indiana Code Section 35-47-4-5(a)(1)(A) defines "serious violent felon" as "a person who has been convicted of … committing a serious violent felony in … Indiana." Subsection (b)(4) defines "serious violent felony" to include battery as a class A, B, or C felony. The charging information specifies that Bowens was convicted of class C felony battery in 1995. Bowens does not dispute the prior battery conviction; he simply maintains that the State failed to present evidence of that conviction to the jury.

Although Bowens appears to be correct at first glance, it is important to examine the procedural context of the treatment of his prior class C felony battery conviction. Immediately preceding Bowens's trial, his counsel filed a motion to bifurcate the proceedings so that Bowens would not be deprived of his right to a fair trial by the jury's hearing the term "serious violent felon" used to describe him. Because Bowens was being tried on only one count and because his SVF status was an element of that offense, the trial court chose not to bifurcate the proceedings but rather chose to remove all references to the SVF label during trial in order to avoid prejudice. *See Dugan v. State*, 860 N.E.2d 1288, 1291-92 (Ind. Ct. App. 2007) (affirming trial court's decision not to bifurcate SVF proceedings where unlawful

4

possession of firearm by SVF was the sole charge and where prejudice was avoided by removing direct references to SVF and facts of underlying offense and rephrasing stipulation regarding defendant's SVF status to read "in violation of Ind. Code § 35-47-4-5"), *trans. denied*. *See also Spearman v. State*, 744 N.E.2d 545, 547-49 (Ind. Ct. App. 2001) (emphasizing that bifurcation is impossible and impractical in SVF proceedings involving only one count and contrasting such with bifurcation in habitual offender cases), *trans. denied*.

Here, as in *Dugan*, the trial court rephrased the preliminary and final instructions to avoid specific references to Bowens's SVF status. Likewise, the parties entered the following stipulation, which the State read into evidence at the conclusion of its case-in-chief:

> First Stipulation: State of Indiana by its Deputy Prosecutor and Attorney Eric Ping, by Defendant's Counsel, Eric Krupp agree that [sic] stipulates to the following: That the Defendant, Shawn Bowens, A/K/A Terrance Bowens is a person barred from possessing a firearm under Indiana Code [Section] 35-47-4-5.

Tr. at 89.

Essentially, Bowens now argues that because the stipulation did not use the term SVF, it failed to establish his status as an SVF—an element of the offense. In other words, he posits that "a person barred from possessing a firearm under Indiana Code Section 35-47-4-5" is somehow different from an SVF. It is not. Indiana Code Section 35-47-4-5 concerns only SVF status and offenses, and, as such, a person barred from possessing a firearm under the statute must be an SVF. In short, Bowens stipulated to his SVF status and cannot now be

5

heard to complain that the State failed to prove that status. He invited the language substitution by raising his request for bifurcation on the basis of possible prejudice, he agreed to the stipulation, and the State relied on the stipulation as an admission of the SVF element of the offense, which therefore relieved the State of presenting other evidence. Notwithstanding, the State also introduced without objection a booking report concerning the predicate battery offense.

The evidence most favorable to the verdict is sufficient to support Bowens's conviction. Accordingly, we affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.